120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angelita Guerrero SALCEDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70625.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Angelita Guerrero Salcedo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Salcedo contends that the BIA erred in finding that she failed to establish past persecution or a well-founded fear of future persecution. This contention lacks merit.
 
 
 4
 Where the BIA reviews de novo the decision of the IJ and independently exercises its discretion, our review is limited to the BIA decision. See Ghaly v. INS, 8 F.3d 1425, 1430 (9th Cir.1995). We review factual findings underlying the BIA's asylum determination for substantial evidence and will uphold the BIA's denial of asylum unless the alien shows that the evidence she presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To be eligible for asylum, an alien must demonstrate that she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, an alien must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution. The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (citations and internal quotations omitted).
 
 
 6
 Even accepting Salcedo's testimony as credible,[1] she has not established past persecution or a well founded fear of future prosecution. Salcedo testified that in 1977, while working as a volunteer for a church-sponsored relief agency, she complained about the diversion of goods intended for the poor by the National People's Army ("NPA"), the military wing of the Communist Party, and that subsequently a nun told her that her name was included on a list left at the church. She believed that the list was an NPA death list. She also testified that, after her name was included on the list, she saw strangers in her neighborhood and she believed that they were NPA members. Salcedo then moved to Manila and other locations in the Philippines and lived with her son in Manila from 1983 to 1989. During this time, she received no threats from the NPA.
 
 
 7
 The single threat to Salcedo which occurred in 1977 followed by the appearance of strangers in her neighborhood is not sufficient to compel a finding that Salcedo suffered past persecution. See Ghaly, 58 F.3d at 1431 (defining "persecution" as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive"); Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (stating that evidence that petitioner was detained for four to six hours during which time he was hit and kicked did not compel a finding of persecution).
 
 
 8
 Further, the evidence does not compel a finding of a well-founded fear of future persecution given that Salcedo remained in the Philippines without further incident for twelve years after receiving the threat.[2] See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (finding that petitioner's "continued safe and undisturbed residence in his homeland" for five years after interrogations undermined petitioner's well-founded fear of persecution).
 
 
 9
 Because Salcedo failed to demonstrate past persecution or a well-founded fear of future persecution, she also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Salcedo contends that the BIA and the IJ erred by noting the absence of corroborating evidence after finding her testimony to be credible. Our review is limited to the BIA decision. See Ghaly, 58 F.3d at 1430. Here, the BIA specifically noted that even if Salcedo's testimony were "fully credited," she would not be eligible for asylum
 
 
 [2]
 Salcedo also contends that the BIA abused its discretion by emphasizing only parts of a country profile prepared by the State Department which indicated that the NPA has diminished significantly in size and membership and ignoring the fact that the NPA still operates in parts of the Philippines. The BIA did not abuse its discretion by taking note of country conditions reported in the State Department profile. See Ghaly, 58 F.3d at 1429. Further, the parts of the State Department profile on which Salcedo relies would not compel a reasonable factfinder to find a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 481